```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                                    :
PHARO NAJI AKHENATEN, a/k/a         :   CIVIL ACTION NO. 07-3641 (MLC)
TYRONE TROY MCRAE, a/k/a            :
TYRONE T. MCRAE,                    :       MEMORANDUM OPINION
                                    :
        Plaintiff,                  :
                                    :
        v.                          :
                                    :
"NEW JERSEY TRANSIT RAIL            :
OPERATIONS & MERCER COUNTY,         :
et al",                             :
                                    :
        Defendants.                 :
                                    :
```

**THE PLAINTIFF PRO SE** submits an in-forma-pauperis application pursuant to 28 U.S.C. § 1915 ("Application"). (Dkt. entry no. 1, App.) The plaintiff is no stranger to commencing litigation in, or seeking appellate remedies from a judgment issued by, the United States District Court for the District of New Jersey. See McRae v. Smith, Dkt. No. 03-5382 (AET); McRae v. Smith, 3d Cir. Ct. Apps. No. 05-2648; McRae v. Smith, U.S. Sup. Ct. No. 05-11257.[1] The Court will address the Application before reviewing the complaint's sufficiency. See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

### APPLICATION

The plaintiff asserts that he is unemployed, has no savings, owns nothing of value, and has not received money from any source in the last twelve months. (App., at 1-2.) But as to his last

---

[1] See also Akhenaten v. Najee, L.L.C., S.D.N.Y. No. 07-970.

employment, he asserts — without providing any further explanation — "December 1, 2003; self-employed". (Id. at 1.) Also, it appears that he has been able to pay filing fees elsewhere. See McRae v. Smith, Dkt. No. 03-5382 (AET), unnumbered dkt. entry btwn. nos. 5 & 6 (paying filing fee in 2004); id., dkt. entry no. 64 (paying fee in 2005 for appeal); McRae v. Smith, 127 S.Ct. 345 (2006) (denying motion for leave to proceed in forma pauperis); Akhenaten v. Najee, L.L.C., S.D.N.Y. No. 07-970, dkt. entry no. 1 (paying filing fee in 2007).

A "plaintiff need not be absolutely destitute or contribute to payment of costs, the last dollar they have or can get to enjoy the benefit of IFP status". In re Mock, No. 07-2891, 2007 WL 3203002, at *1 (3d Cir. Nov. 1, 2007) (cite and quotes omitted). But "the ability to proceed I.F.P. is not a constitutional right". Gera v. Pa., No. 07-3601, 2007 WL 4248768, at *3 (3d Cir. Dec. 5, 2007) (cite and quotes omitted). The plaintiff is not entitled to in-forma-pauperis relief merely because he has brought several actions pro se and has expenses. See Schneller v. Crozer Chester Med. Ctr., 201 Fed.Appx. 862, 862 (3d Cir. 2006) (dismissing appeal from order denying motion for in-forma-pauperis relief, as such relief not justified even though plaintiff pro se spent discretionary income on other litigation). Accordingly, the Court will deny the Application because it appears that the plaintiff has the means to pay the filing fee.

It is the plaintiff's burden to "provide the [Court] with the financial information it need[s] to make a determination as to whether he qualifie[s] for in forma pauperis status." Thompson v. Pisano, No. 06-1817, slip op. at 1 (3d Cir. Nov. 15, 2006) (dismissing appeal from order denying in-forma-pauperis application). The plaintiff — if applying again for in-forma-pauperis relief — should (1) list all of his current expenses, and (2) state how he is able to pay them and the filing fees in other matters. See Huertas v. Marvel & Maloney, No. 07-1382, 2007 WL 4189538, at *1 (3d Cir. Nov. 26, 2007) (affirming order denying in-forma-pauperis application, as plaintiff failed to list expenses or liabilities).

**COMPLAINT**

The Court may (1) review the complaint, and (2) direct sua sponte that it not be filed if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A frivolous complaint lacks an arguable basis in law or fact, as it contains "inarguable legal conclusion[s]" or "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 325, 328 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). A court must "accept as true all of the allegations in the complaint and all reasonable

inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). But a court need not credit a plaintiff's bald assertions or legal conclusions. Id.

The Court will provide the plaintiff with a review of the 21-page complaint now, even though he is not entitled to such review until he either pays the filing fee or shows entitlement to in-forma-pauperis relief. The complaint is deficient for several reasons.

### I. Federal Rule of Civil Procedure ("Rule") 10(a)

The plaintiff lists the defendants in the caption — without more — as being "New Jersey Transit Rail Operations & Mercer County, et al", but appears to assert claims against additional parties. (Dkt. entry no. 1, Compl.) Indeed, the Clerk's Office assumed as much by listing other parties as defendants on the docket. (See generally Dkt.)

But Rule 10(a) states that "[t]he title of the complaint must name all the parties". The plaintiff here has failed to meet the "minimal requirement[]" of drafting "a complaint on which the caption indicates plainly all parties against whom [he] seeks to proceed", and the "[p]utative defendants should not be required to speculate as to whether or not they are parties to a lawsuit." Dickerson v. Montgomery County D.A. Office, No. 04-4454, 2004 WL 2861869, at *3 (E.D. Pa. Dec. 10, 2004) (dismissing

4

pro se complaint with caption naming "Montgomery County District Attorney's Office, et al" as only defendant); see Connolly v. Tennis, No. 07-1681, 2007 WL 3237460, at *1 (M.D. Pa. Oct. 30, 2007) (striking pro se complaint listing "Franklin Tennis, et al" in caption, but not listing other individual defendants by name). The entire complaint could be struck for this reason alone.

**II.  Trademark Claims**

The plaintiff appears to assert claims alleging infringement of a particular trademark.  (Compl., at 1-2, 13, 20-21.)  He asserts these claims under federal law ("Federal Trademark Claims") and state law ("State Trademark Claims").

The Federal Trademark Claims have already been adjudicated before a different judge within this federal district and the subject of an appeal.  See McRae v. Smith, 159 Fed.Appx. 336 (3d Cir. 2005), lv. to proceed in forma pauperis denied, 127 S.Ct. 345 (2006).  The plaintiff cannot assert the Federal Trademark Claims again in a new action; he must seek relief from the previous judgment — as he is plainly aware — from either the same judge, or the proper Court of Appeals.  See Fed.R.Civ.P. 60; L.Civ.R. 7.1(i); Fed.R.App.P. 3-5; Olaniyi v. Alexa Cab Co., 239 Fed.Appx. 698, 699 (3d Cir. 2007) (affirming order dismissing pro se complaint, because "to the extent [the plaintiffs] were simply seeking to challenge the decision issued by [another judge in the same district], they were required to do so by filing a motion

5

for reconsideration in that case or seeking appellate review of the order of dismissal in th[e] Court [of Appeals]").

### III. Federal Claims Related to Arrest & Subsequent Prosecution

The plaintiff, from page 5 through page 19 of the complaint, presents a hodgepodge of facts and claims that are not easily followed. It appears that the plaintiff, on August 1, 2005, (1) had a dispute with a conductor while on a train, (2) allegedly uttered a bomb threat, and (3) was arrested, removed from the train, and held in jail. (Compl., at 6-12, 17.) Thereafter, he alleges that he was indicted for "Creating a False Public Alarm . . . in violation of N.J. Stat. Ann. § 2C:33-3", but "the jury was hung" and "the Mercer County Prosecutor dismissed all charges". (Compl., at 12.) He alleges violations of Constitutional rights under 42 U.S.C. § ("Section") 1983, apparently for false imprisonment, false arrest, and malicious prosecution.

The plaintiff fails to mention, and the Court's own research has revealed, that he was also charged with — and convicted on charges of — disorderly conduct due to improper behavior and using offensive language in public. See N.J.S.A. §§ 2C:33-2(a), (b); see also Hung Jury Convicts McRae On Lesser Charge, Trentonian, Mar. 31, 2007; Man Found Guilty Of Bad Behavior, Trenton Times, Mar. 31, 2007, at A6.

If a Section 1983 claim, "if successful, would have the hypothetical effect of rendering [a] criminal conviction or

sentence invalid", and if a judgment for a plaintiff on such a claim would necessarily imply the invalidity of a conviction, then the claim is barred until the conviction is overturned. Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety, 411 F.3d 427, 451-52 (3d Cir. 2005) (cites and quotes omitted), cert. denied, 547 U.S. 1035 (2006); see Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (stating Section 1983 claim to be dismissed if judgment for plaintiff would necessarily imply invalidity of conviction or sentence).

It appears that if the plaintiff were successful on his Section 1983 claims, then the underlying criminal conviction for disorderly conduct would be rendered invalid in violation of Heck.  See Shilling v. Brush, No. 05-871, 2007 WL 210802, at *9 (M.D. Pa. Jan. 22, 2007) (granting part of defendant's motion for summary judgment on malicious prosecution claim, where plaintiff convicted of disorderly conduct); Odom v. Bor. of Taylor, No. 05-341, 2006 WL 3042974, at *11 (M.D. Pa. Oct. 24, 2006) (granting part of defendant's motion for summary judgment on false arrest claim, where plaintiff convicted of disorderly conduct); Loucks v. Jay, No. 04-366, 2006 WL 266105, at *3 (M.D. Pa. Feb. 1, 2006) (granting part of motion to dismiss false arrest and false imprisonment claims, where plaintiff convicted of disorderly conduct).  Thus, the Section 1983 claims concerning false

imprisonment, false arrest, and malicious prosecution are barred.[2]

The Court, if not determining that these claims are barred, would abstain from exercising jurisdiction under the Younger abstention doctrine, as the criminal action referenced here may be ongoing in terms of an appeal from the conviction or a re-trial on the false-alarm charge.  See Younger v. Harris, 401 U.S. 37, 43-54 (1971).

**IV.  Claims Against Police Officer**

The plaintiff appears to assert that a police officer or police officers provided "perjured testimony . . . before the grand jury" concerning the criminal charges at issue.  (Compl., at 5, 11, 13.)  These claims are not cognizable under Section 1983 because, as discussed supra, the alleged perjury would necessarily

---

[2]  The statute of limitations on the Section 1983 malicious prosecution claim does not begin to run until the underlying criminal proceedings are terminated — if ever — in plaintiff's favor.  See Wiltz v. Middlesex County Office of Prosecutor, 249 Fed.Appx. 944, 949 (3d Cir. 2007).  The statute of limitations on the Section 1983 false arrest and false imprisonment claims, however, has expired, as (1) the plaintiff was arrested on August 1, 2005 (Compl., at 6), and (2) the action was not commenced until August 2, 2007.  (Dkt. entry no. 1 (noting when complaint received by Court Clerk).)  See Montgomery v. DeSimone, 159 F.3d 120, 126 n.5 (3d Cir. 1998) (stating such claims accrue on date of arrest); Wallace v. Kato, 127 S.Ct. 1091, 1100 (2007) (same).  Thus, the Section 1983 false arrest and false imprisonment claims here are time-barred as well.  The Court may have merely stayed and administratively terminated this action had the plaintiff presented his claims in a proper manner.  See Wallace, 127 S.Ct. at 1098.

imply the invalidity of his conviction for disorderly conduct. See Heck, 512 U.S. at 479-83, 487. Furthermore, a witness testifying before a grand jury is immune from liability under Section 1983. Kulwicki v. Dawson, 969 F.2d 1454, 1467 (3d Cir. 1992); Williams v. Hepting, 844 F.2d 138, 143 (3d Cir. 1988); see Briscoe v. LaHue, 460 U.S. 325, 329, 341-43 (1983).

## V.   Claims Against Prosecutor

The plaintiff may be attempting to assert claims against the prosecutor in the underlying criminal trial. (Compl., at 18-19.) But a prosecutor, in initiating a prosecution, is immune from liability under Section 1983. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Furthermore, any discernible allegations concerning a conspiracy on the part of the prosecutor and others to deprive the plaintiff of his federal rights appear to be based on the plaintiff's mere speculation, and thus are without merit. See Gera, 2007 WL 4248768, at *2.

## VI.  Religious Land Use and Institutionalized Persons Act ("RLUIPA") & Special Status

The plaintiff asserts claims for relief under RLUIPA. (Compl., at 1, 3-5.) But "RLUIPA addresses only land use regulations . . . and the religious rights of institutionalized persons". Lighthouse Inst. for Evangelism v. City of Long Branch, 510 F.3d 253, 261 (3d Cir. 2007) (discussing 42 U.S.C. §§ 2000cc & 2000cc-1). Neither land use regulations nor the rights

9

of the institutionalized appear to be at issue here.  Thus, these claims are without merit.

The plaintiff also appears to assert that either there is jurisdiction here, or he is entitled to special consideration under "The 1786 United States Treaty of Marrakech (Morocco)", because he "is a descendant of Morocco".  (Compl., at 2.)  This claim is without merit.  See Halabi v. Fields-El, No. 06-12203, 2006 WL 2161338, at *1-*2 (E.D. Mich. July 28, 2006) (granting motion to remand landlord-tenant action; rejecting jurisdiction based on claim of "rights as Sovereign American Moors under the Treaty of 1786"); King v. Corp. of U.S., No. 05-72849, 2005 WL 3320866, at *1,*4 (E.D. Mich. Dec. 7, 2005) (granting motion to dismiss complaint seeking halt of prosecution for failure to pay child support; rejecting jurisdiction based on plaintiff's claim of being "Sovereign Indigenous Moor"); Hedrick v. Coleman, No. 05-73707, 2005 WL 2671327, at *1-*2 (E.D. Mich. Oct. 19, 2005) (dismissing complaint wherein plaintiffs claimed state foreclosure action "violates their rights as Sovereign American Moors", as "[s]uch status is not enough, in itself, to vest the Court with subject matter jurisdiction"); Great Seal Moorish Sci. Temple v. N.J., No. 05-345, 2005 WL 2396311, at *1 (E.D. Pa. Sept. 28, 2005) (granting motion to dismiss claim concerning impounding of car; rejecting jurisdictional assertion that plaintiffs (1) are of

Moorish descent and thus not American citizens, and (2) possess special rights).

**VII. Incomprehensible Assertions**

The Rules require that a complaint (1) contain "a short and plain statement of the claim", and (2) "be simple, concise, and direct". Fed.R.Civ.P. 8(a),(d). However, the complaint here presents a "dense thicket" of "incomprehensible" assertions in twenty-one pages. Eisenstein v. Ebsworth, 148 Fed.Appx. 75, 77 (3d Cir. 2005) (affirming order dismissing complaint for, inter alia, violating Rule 8); Doumit v. Coldwell Banker Realtors, 135 Fed.Appx. 543, 544 (3d Cir. 2005) (affirming order dismissing pro se complaint).

The plaintiff, even though attempting to file a complaint pro se, must comply with minimum pleading standards. See Fultz v. Neighborhood Leg. Servs., 654 F.Supp. 881, 884 (W.D. Pa. 1987); Walker v. Comay, 640 F.Supp. 195, 196 (W.D. Pa. 1986). The complaint, however, fails to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests". Conley v. Gibson, 355 U.S. 41, 47 (1957); see Fed.R.Civ.P. 8-10.

**VIII. Claims Under State Law**

The plaintiff appears to assert claims pursuant to state law as well: New Jersey state constitution (Compl., at 1); New Jersey Tort Claims Act (id. at 1, 3-4); State Trademark Claims (id. at 2); defamation (id. at 15, 17-18); and, damage to property (id.

11

at 18 (concerning a dog)).  The plaintiff may bring his claims in state court insofar as they may be construed to be under state law.  See 28 U.S.C. § 1367(c)(3); see also 28 U.S.C. § 1367(d) (permitting thirty days to recommence state law claim in state court).

## INAPPROPRIATE CONDUCT

The plaintiff, on September 17, 2007, appeared at the Clerk's Office to express in an abusive manner his displeasure that the Court was not addressing the Application or complaint in a timely fashion.  Also, the plaintiff called the Clerk's Office on or about December 10, 2007, to further express his displeasure in an abusive manner.  The Court intends to bar the plaintiff from contacting the Clerk's Office or this Court by any means other than in writing by the mail.  See Purveegiin v. USCA 3rd Circ. Courts, 223 Fed.Appx. 182, 183 (3d Cir. 2007) (noting plaintiff was instructed to communicate in writing with Court in lieu of expressing concerns in abusive telephone calls).

## CONCLUSION

The complaint is frivolous, fails to state a claim on which relief may be granted, and seeks monetary relief against defendants who are immune from such relief.  The Court will direct the Clerk of the Court (1) not to file the complaint, and (2) to designate the action as closed.

But the Court cannot state at this time that all of the allegations in the complaint "are patently meritless and beyond all hope of redemption". O'Dell v. U.S. Gov't, No. 07-3325, 2007 WL 4285372, at *1 (3d Cir. Dec. 6, 2007) (cite and quotes omitted).  Thus, the plaintiff will be granted leave to move to reopen the action and annex as an exhibit an amended complaint for the Court's review.  The Court will issue an appropriate order and judgment.

       s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:** February 28, 2008

13